UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-20539-CIV-WILLIAMS

DR. KURT MARIN, et al.,

    Plaintiffs,

vs.

DADE COUNTY, et al.,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on a *sua sponte* review of the record. On February 12, 2018, Plaintiffs filed their complaint in the above-captioned matter. (DE 1). The complaint is 40 pages long and attaches 193 pages of exhibits. Plaintiffs did not pay the filing fee, but at least one Plaintiff—Maurice Symonette—filed an undated motion to proceed *in forma pauperis*. (DE 3).

Because Plaintiffs seek to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter. Pursuant to that statute, courts are permitted to dismiss a suit "any time [ ] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint may survive

a Rule 12(b)(6) motion to dismiss only if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)").

Additionally, since the federal courts are courts of limited jurisdiction, they are "obligated to inquire into subject-matter jurisdiction whenever it may be lacking." *Blakenship v. Gulf Power Co.*, 551 F. App'x. 468, 470 (11th Cir. 2013) (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005)). If, at any time, the Court determines that it lacks subject matter jurisdiction, the Court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). Federal court jurisdiction is further limited by the *Rooker-Feldman* doctrine,[1] which "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). Under the doctrine, "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000).

Generally, *pro se* complaints are held to a less stringent pleading standard than formal pleadings drafted by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This lowered standard, however, does not permit a court to "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[1] The doctrine derives from two Supreme Court cases: *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986).

Plaintiffs' complaint lists eleven causes of action.  As an initial matter, the Court notes that at least seven of those causes of action are brought pursuant to statutes or rules over which the Court lacks jurisdiction, and complete diversity of the Parties has not been established.  Those claims must therefore be dismissed.  The remaining constitutional claims and claims under federal statutes are similarly deficient.  Nearly all of the facts set out in Plaintiffs' complaint go to circumstances arising out of either the eviction of Plaintiffs from their residence or state court and bankruptcy proceedings involving the Plaintiffs.  This Court has no jurisdiction over those proceedings or any authority to review a challenge to Defendants' actions pursuant to the decisions rendered on those matters.

In light of the above, the Court finds that Plaintiffs' complaint is deficient, and fails to state a cognizable claim for relief, even construing it most liberally and under the relaxed pleading standard afforded to *pro se* litigants.  See *Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005); See *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[T]he *pro se* litigant must still meet minimal pleading standards.").  Additionally, Plaintiffs have failed to allege a sufficient basis for federal jurisdiction, as explained above. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' complaint (DE 1) is **DISMISSED**.  All pending motions are **DENIED AS MOOT**.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of February, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: James Buckman, Maurice Symonette, Kurt Marin,
Clyde McPhatter, Alfred David, and Jerimiah Parham
3320 NE 165th Street
Miami, FL 33160